IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONNA KIKKERT,

                 Plaintiff,

       v.

TODD SAUNDERS,

                Defendant.

ORDER

12-cv-300-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action, plaintiff Donna Kikkert is suing defendant Todd Saunders, the father of her minor daughter.  Plaintiff contends that defendant violated plaintiff's substantive due process right to maintain a meaningful relationship with her child, and she seeks an injunction altering her current child custody rights.  Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, without the means to make an initial payment.  Because plaintiff is proceeding without prepayment of costs, I must screen her complaint and dismiss the complaint if it is legally frivolous or malicious, fails to state a claim on which relief may be granted or asks for money damages from a defendant who

---

[1]  For the purpose of this order, I am assuming jurisdiction over the case.

1

cannot be sued for money damages by law.  28 U.S.C. § 1915(e)(2)(B).  Having reviewed the complaint, I conclude that it must be dismissed for lack of subject matter jurisdiction.

The first task in every case filed in federal court is to determine whether the court has jurisdiction.  Federal courts have limited jurisdiction, which means that they may hear a case only if Congress has authorized it.  Generally, a federal court may exercise jurisdiction over a case in one of two situations: 1) the plaintiff's claims present federal questions or arise under federal law, 28 U.S.C. § 1331, or 2) the plaintiff and defendant are citizens of different states and the amount of damages is greater than $75,000.  28 U.S.C. § 1332.

In this case, plaintiff requests legal intervention granting her full legal and joint physical custody of her daughter with a stipulation that the child have access to professional counseling.  Plaintiff does not explain any details of the present custody situation but says that the daughter and her father moved to the Gleason, Wisconsin Mennonite community in 2008.  Plaintiff objects to her daughter's isolation and "indoctrinat[ion]" in the Mennonite "belief system" and seeks access to her daughter so that the daughter "may be deprogrammed and recover from parental alienation syndrome."  Plaintiff notes that she is "appeal[ing] ... the decision of the Wisconsin Supreme Court," but she does not identify the case to which she refers or the current custody arrangement.  According to records publicly available on the Wisconsin Circuit Court Access System, custody proceedings between plaintiff and defendant have been ongoing since 1999.

2

Plaintiff alleges that both she and defendant are citizens of Wisconsin, which means that there is no basis for diversity jurisdiction under § 1332.  Thus plaintiff's claim can be heard in federal court only if it presents a federal question or arise under federal law. However, this court lacks jurisdiction over plaintiff's claim for several reasons.  First, family law and custody disputes are controversies which arise under *state* law.  Rose v. Rose, 481 U.S. 619, 625 (1987) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); De Sylva v. Ballentine, 351 U.S. 570, 580 (1956) ("there is no federal law of domestic relations, which is primarily a matter of state concern").   Additionally, federal district courts may not exercise appellate jurisdiction over state court proceedings.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Thus, to the extent plaintiff is challenging a state court custody decision, she may raise that challenge only in state court.   There is one exception to this rule: in a very few circumstances, a plaintiff dissatisfied by a decision from the state supreme court may obtain review of the decision by the Supreme Court of the United States.

Finally, although plaintiff says she is raising a constitutional claim that the father of her daughter has violated her "constitutionally protected right to a meaningful relationship with her child," constitutional claims are generally limited to suits against governmental

3

actors or entities.  As a general rule, a plaintiff cannot assert such a claim against a non-governmental actor, such as defendant in this case.  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) ("Because the [14th]Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'").  Plaintiff does not allege that any state actor has deprived her of either substantive or procedural due process.  Therefore, plaintiff has not presented a claim arising under federal law.  Accordingly, I must dismiss her complaint for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Donna Kikkert's complaint is DISMISSED for lack of subject matter jurisdiction.

Entered this 25th day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4